UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH STEWART,

        Plaintiff,

    v.                                   Case No. 1:05cv480

PROCTER & GAMBLE CO. et al.,

        Defendant.

**ORDER**

This matter is before the Court on Plaintiff Deborah Stewart's Objections to the Reports and Recommendations of the United States Magistrate Judge issued April 10, 2007, and March 31, 2008. (Docs. 25, 29).

**I.    Introduction**

Stewart filed seven cases against her former employer, Procter & Gamble ("P&G"). Several of these cases also named Stewart's union, Employees' Representation Association ("ERA"). All cases concern Stewart's employment with P&G at its Ivorydale plant. In 2002, P&G sold parts of Ivorydale to Cinergy, including the boilerhouse where Stewart worked.

On June 16, 2005, Stewart filed this action against P&G and ERA in State Court. Defendant's Removed the case to this Court on July 15, 2005. In her complaint she asserted a hybrid § 301 claim against P&G and ERA. (*See* Doc. 22, Exh. A). The case was referred to a United States Magistrate Judge. (Doc. 6). The Defendants answered (Docs.7, 9) and then moved for summary judgment on all of Stewart's claims (Docs. 15, 22). The Magistrate Judge

issued a Report and Recommendation on each motion. (Docs. 25, 29). This Court addresses each in turn.

## II. The April 2007 Report and Recommendation Regarding ERA's Motion for Summary Judgment

In the April 2007 Report and Recommendation, the Magistrate Judge recommended that summary judgment be granted in favor of ERA. (Doc. 25). Stewart objected to the Report and Recommendation and requested a hearing to present new evidence. (Doc. 26). ERA responded to the Objections. (Doc. 27).

In recommending summary judgment on all claims in favor of ERA, the Magistrate Judge agreed with ERA that Stewart's hybrid § 301 claim is time-barred by a six-month statute of limitations. This action, which was filed on June 16, 2005, referenced events that happened before Stewart's termination on February 28, 2003. Thus, more than six months passed between the date that the cause of action accrued and the date Stewart's complaint was filed. Also considering the merits of the claim, the Magistrate Judge found no evidence that ERA breached the duty of fair representation because the union scheduled an arbitration date, and Stewart voluntarily abandoned the process.

Stewart's Objections to the April 2007 Report and Recommendation reiterate the allegations and arguments that she made before the Magistrate Judge. Apparently in support of her argument that the claim is not time-barred, Stewart cites two cases: *Thomsen v. United Parcel Service*, 792 F.2d 115 (8th Cir. 1987) and *Wenneshiemer v. Fore Way Express, Inc.*, 624 F. Supp. 502 (E. Dist. Wis. 1986). She maintains that enforcing a six-month statute of limitations in this instance would be unfair since she has been "so thoroughly personally wronged, financially disadvantaged, and emotionally troubled." (*See* Doc. 26, at 7). Stewart also maintains that ERA did not pursue arbitration on her behalf in a timely manner. In addition,

she would like to present evidence of voicemail messages left by ERA president, Steve Lighthall. Stewart offers nothing about the substance of the voicemails, only claiming that they are "instrumental to her case." (*See* Doc. 26 at 1). Stewart makes other objections that are without merit.

In response, ERA argues that Stewart has not objected to any specific portions of the Report and Recommendation, and her entire motion lacks merit. Also, ERA argues that Stewart has shown no good cause to consider any new evidence.

### III. The March 2008 Report and Recommendation Regarding P&G's Motion for Summary Judgment

As to the March 2008 Report and Recommendation, the Magistrate Judge recommended that summary judgment be granted in favor of P&G. (Doc. 29). Stewart then filed: (1) a Request for Return of Evidentiary Documents (Doc. 30), (2) Objections to the Report and Recommendation (Doc. 31), (3) a Request for the Objections to be Filed Under Seal (Doc. 32), and a Request for Extension of Time to File Objections (Doc. 33). P&G responded in opposition (Doc. 34), and Stewart replied (Doc. 35).

In recommending summary judgment in favor of P&G, the Magistrate Judge did not address P&G's argument that Stewart's hybrid § 301 claim is time-barred because he already addressed that issue in the April 2007 Report and Recommendation. Likewise, because the Magistrate Judge previously determined that Stewart failed to establish that ERA breached its duty of fair representation, he stated that Stewart cannot, as a matter of law, maintain a hybrid § 301 action against P&G.

Stewart's Objections to the March 2008 Report and Recommendation again reiterate the allegations and arguments that she made before the Magistrate Judge, although she does not address timeliness of the hybrid § 301 action. She objects to the fact that P&G's case rests

entirely on affidavits that are unreliable because (1) the witnesses have a "financial relationship" with P&G and (2) the witnesses made the statements in bad faith. Stewart also argues that she has not yet been able to secure affidavits because she cannot afford to subpoena the witnesses, which would be required since they are bound by a confidentiality agreement. Stewart makes other objections that are without merit.

In reply P&G addresses Stewart's Objections and other filings. P&G takes no position as to whether Stewart's evidentiary documents should be returned to the Court. Because the Court has already placed Stewart's Objections under seal, P&G argues that motion is moot and should be denied. Similarly, P&G argues that because Stewart's objections have already been filed, the Motion for Extension of Time to File Objections is moot and should be denied. As to the Objections themselves, P&G argues that they should be denied because (1) summary judgment was properly decided in favor of P&G by the Magistrate Judge and (2) Stewart failed to show that the Report and Recommendation was in error.

In her response, Stewart claims that the Report and Recommendation was "biased." (*See* Doc. 35, at 3). Because Stewart has not had enough time to present affidavits or submit other favorable evidence, she argues that the Magistrate Judge decided the issue on a partial record. In addition, Stewart argues that the summary judgment proceeding violates the Seventh Amendment of the United States Constitution. In the alternative, Stewart requests that the Court return her case to the state court, where Stewart originally filed this action before it was removed to this Court.

### IV. Opinion

The Court has considered Stewart's Objections de novo, as required by Fed. R. Civ. P. 72(b). After a review of the record, the Court concludes that a hearing is not necessary to rule on Stewart's Objections to either Report and Recommendation or on her other motions.

4

In its summary judgment motion, ERA asserts that Stewart's hybrid § 301 claims are barred by the statute of limitations. The limitations period is six months. *Del Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151 (1983). Stewart filed this action in June 2005. Construing the evidence in her favor and assuming that the cause of action accrued on the last day that Stewart was employed by P&G, which was February 28, 2003, more than six months has passed.

Stewart argues that her claim is not time-barred, but the caselaw that she cites is distinguishable from the case at hand. *Thomsen* declined to adopt the rule of service within six months of the cause of action's accrual in a hybrid § 301 claim. 792 F.2d 115, 117 (8th Cir. 1987). Service, however, is not at issue in the instant case. Also, *Wenneshiemer*, decided that "a hybrid § 301 fair representation cause of action commences to run when the employee is unequivocally informed that his grievance will not be processed further." 624 F. Supp. 502, 505 (E. Dist. Wis. 1986). According to Stewart, since neither P&G nor ERA informed her that her grievance would not be processed further, time limits would be "irrelevant" in her case. But the limitations period serves a purpose. *Conley v. Great Lakes Plastics, Inc.*, 627 F. Supp. 296, 300 (E.D. Mich. 1985) (stating that the purpose of the brief limitations period is "to protect the finality and integrity of the internally-selected dispute resolution process" (citing *DelCostello*, 462 U.S. at 163-71)). Thus, time limits cannot be irrelevant. Further, ERA intended to process her grievance, and there is no evidence to the contrary. Stewart cannot use this fact to artificially extend the statue of limitations for her claim. This Court overrules Stewart's Objections relating to the timeliness of the action.

Even if Stewart's hybrid § 301 claim was not barred by the statute of limitations, it should be dismissed because it fails on its merits. An employee in a hybrid § 301 suit must

5

prove (1) that the employer's action violated the terms of the collective bargaining agreement and (2) that the union breached its duty of fair representation with regard to that matter. *Hines v. Anchor Motor Freight Co.*, 424 U.S. 554, 570-71 (1976); *Bagsby v. Lewis Bros., Inc.*, 820 F.2d 799, 801 (6th Cir. 1987).

Before her termination, Stewart filed a grievance with ERA, and ERA decided to pursue arbitration on her behalf. Although the arbitration's scheduling was delayed, Stewart ultimately decided not to pursue arbitration. This Court agrees with the Magistrate Judge's conclusion that Stewart lost faith in the arbitration process and decided to abandon it. There is no evidence that ERA breached its duty of fair representation. Because there is no evidence of this, Stewart's hybrid § 301 claim cannot survive, as a matter law. Thus, this Court overrules Stewart's Objections relating to the merits of the hybrid § 301 claim against ERA and P&G.

Stewart argues that the summary judgment proceeding violates the Seventh Amendment of the United States Constitution. In the alternative, Stewart requests that the Court return her case to the state court, where Stewart originally filed this action before it was removed to this Court.

Along with her Objections, Stewart has requested a hearing to present new evidence or, alternatively, an extension of time to submit the evidence. This Court finds that the parties have had sufficient time to submit the evidence. An extension would be unfair to the defendants and would unnecessarily burden efficiency of this litigation. Stewart's request for a hearing to present new evidence or an extension of time to submit the new evidence is denied.

As to her Request for Return of Evidentiary Documents, all documents submitted to the Court must be retained by the Court at least until judgment in this case is final. The Request is Denied without Prejudice .

6

Because Stewart's Objections to the Report and Recommendation issued in March 2008were filed under seal, her request for same is moot. The request is, therefore, denied. Likewise, Stewart's Request for an Extension to File Objections in Reply to the Report and Recommendation is also moot since she has already filed Objections. That request is also denied.

### V. Conclusion

Upon de novo review, the Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to this case and agrees with the Magistrate Judge that the Motions for Summary Judgment of the Defendants be granted.

The Magistrate Judge's April 10, 2007 Report and Recommendation as it relates to this case is ADOPTED in its entirety. (Doc. 25). The Magistrate Judge's March 31, 2008 Report and Recommendation as it relates to this case is also ADOPTED in its entirety. (Doc. 29).

IT IS THEREFORE ORDERED that ERA's and P&G's motions for summary judgment are GRANTED as to all claims. This case is DISMISSED WITH PREJUDICE and TERMINATED on the docket of this Court.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior Judge
United States District Court